UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

SANDRY GARCÍA-GARCÍA,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 10-1309 (JAF)
(Crim. No. 07-415 (1)(JAF)

**OPINION AND ORDER**

Petitioner, Sandry García-Garcia, brings this pro se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed on him violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No 07-415 (JAF). (Docket No. 1-2.) Respondent opposes (Docket No. 7), and Petitioner replies (Docket No. 10).

**I.**

**Factual and Procedural History**

We derive the following summary from the trial record (Crim. No. 07-415, Docket Nos. 97; 98.) unless otherwise noted. On June 21, 2006, Petitioner was indicted on charges of carjacking, 18 U.S.C. § 2119, and the use, or possession of, a firearm in a crime of violence, 18 U.S.C. § 924(c). (Crim. No. 07-415, Docket No. 7.) The charges arose from an armed robbery and carjacking perpetrated against Federico López-Villefañe on the morning of April 12, 2006, at his apartment building in the Condado neighborhood of San Juan. At around 9:30 that morning, López-Villefañe's condominium maintenance worker, William Ramírez-Restes, was ambushed and

assaulted by several people as he entered the basement of the building. The assailants blindfolded and interrogated Ramírez-Restes, leaving him tied up in the basement. At about 10:38 a.m., four individuals assaulted López-Villefañe as he was leaving his apartment, forcing him to the basement, where he was bound and blindfolded with tape. The assailants, in possession of López-Villefañe's keys, stole various valuables from his apartment—assaulting López-Villefañe's maid, Clemencia Lewis ("Lewis"), in the process—before stealing his car. López-Villefañe eventually freed himself and called police.

Petitioner's trial began on August 14, 2006. The Government's case relied on lineup and photo-array identifications made by López-Villefañe and Lewis, identifying Petitioner as one of their assailants. The jury returned its verdict on August 18, 2006, convicting Petitioner of both counts in the indictment. Petitioner was convicted and sentenced to 181 months' imprisonment. Petitioner appealed his conviction to the First Circuit, challenging this court's jurisdiction, several elements of his offenses and the permissibility of the photo-line-ups used to identify him. The First Circuit denied all of Petitioner's claims. United States v. Garcia-Garcia, 354 F. App'x 434, 438 (1st Cir. 2009).

In the motion before us, Petitioner asserts five grounds for relief under § 2255: that he (1) received ineffective assistance of counsel; (2) was denied the opportunity to present witnesses in his defense; (3) was tried and convicted based on his foreign alienage; (4) was tried in prison clothing; and (5) was convicted based on impermissible or insufficient evidence. (Docket No. 1-2.) None of these arguments has merit. Accordingly, we deny Petitioner's claim for relief.

**II.**

**Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently incredible.'" Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b). A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982).

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**A.    Ineffective Assistance of Counsel**

Petitioner claims that his trial counsel was ineffective because one of his attorneys, Ramón González-Santiago, represented him despite having a conflict of interest and also was not present at the sentencing proceedings. Petitioner claims that his other attorney, Elfrick Méndez-Morales, did not adequately prepare for trial (Docket No. 1-2). To

prevail on a claim of ineffective assistance of counsel, Petitioner must show that his counsel performed below an objective standard of reasonableness and that if his counsel had performed adequately, the result of his proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner's only evidence of González-Santiago's alleged conflict of interest is a conversation referenced in the record between González-Santiago and another public defender who represented a related defendant. (Docket No. 1-2 at 8.) Petitioner offers no explanation as to why this conversation created a conflict of interest for González-Santiago, and no such conflict is apparent. Petitioner's claim that González-Santiago was not present at sentencing is refuted by the sentencing transcript. The transcript shows that the court acknowledged González-Santiago's presence at sentencing and relates numerous statements from him throughout the proceedings. (S.H. Tr., 8/27/2008, pg. 3.) We need not accept the Petitioner's allegations as true when they directly contradict the record. Owen, 483 F.3d at 57.

In any event, Petitioner received a second attorney, Elfrick Méndez-Morales, who represented him at trial and sentencing alongside González-Santiago. Although Petitioner complains that he met Elfrick Méndez-Morales only once before his trial, that fact alone does not mean that Petitioner received representation falling below an objective standard of reasonableness. See United States v. Cronic, 466 U.S. 648, 657 n.21 (1984) ("If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance."); Fusi v. O'Brien, 621 F.3d 1, 9-10 (1st Cir. 2010) (defendant's counsel was constitutionally adequate where counsel met defendant on day of trial).

Petitioner has failed to show that his counsel performed below an objective standard of reasonableness. See Strickland, 466 U.S. at 687.

**B.    Denied Opportunity to Present Witnesses**

Petitioner argues that he was denied his right to present witnesses on his behalf. (Docket No. 1-2.) The Compulsory Process Clause of the Sixth Amendment "guarantees a defendant the right to call witnesses 'in his favor.' " Melendez-Diaz v. Massachusetts, 557 U.S. 305, 313 (2009). Ordinarily a petitioner must show not only that "the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial." Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990). If the witnesses do not testify, the petitioner must explain why and " 'demonstrate, with some precision, the content of the testimony they would have given at trial.' " Id., 900 F.2d at 130 (quoting United States ex rel. Cross v. DeRoberts, 811 F.2d 1008, 1016 (7th Cir. 1987)).

Here, Petitioner gives no indication of who the uninterviewed witnesses might have been, or the subject matter of their potential testimony, or what defense they might have helped to establish. His claim is conclusory, without supporting argumentation. Mere assertions without any evidentiary support are insufficient to warrant collateral relief. Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001). This claim fails.

**C.    Trial in Prison Garb**

Next, Petitioner claims that he was deprived of his constitutional right to be presumed innocent because during his trial "he was purposely '[c]lothed with MDC [c]lothes'" and was only thrown a "[d]irty T-Shirt on top of his [j]umpsuit, and the

jumpsuit was short that showest (sic) petitioner's socks; the sleeves of the jumpsuit were so long that were coming of the [t]-Shirt Sleeves." (Docket No. 1-2 at 8.)

A defendant cannot be compelled to stand trial before a jury while dressed in identifiable prison clothes. Estelle v. Williams, 425 U.S. 501, 503 (1976). Here, however, there is no evidence that Petitioner appeared in prison garb at his trial. To the contrary, Petitioner acknowledges that he was given a t-shirt to cover his prison-issued jumpsuit. (Docket Nos. 1; 10.) In fact, when asked to point out the Petitioner in the courtroom, a trial witness described him as "wearing a blue shirt," not as wearing prison clothing. (R.Tr., 4/22/2008, p.5).

Even if some of Petitioner's prison-issued clothing was visible beneath the t-shirt, Petitioner never objected to his appearance at trial and did not raise the issue in his direct appeal. Petitioner has not demonstrated cause for failing to raise this issue on direct appeal. Frady, 456 U.S. at 167 (petitioner must show cause and actual prejudice for failing to raise claims on direct appeal). Also, we would have never permitted unexplained prison clothing at trial and here there is nothing in the record, or in the court's memory, that indicates that the defendant was compelled to appear in prison garb. This claim fails.

**D.   Alienage**

Petitioner asserts that he was prosecuted because of his Dominican nationality. No evidence supports this claim. In fact, Petitioner was prosecuted because three of the victims in this case saw their assailants face-to-face and subsequently identified Petitioner as one of the perpetrators. (Crim. No. 07-415, Docket No. 7.) Petitioner has provided no evidence to indicate that his prosecution was based on his nationality. Mere

conclusions without evidence are insufficient to warrant relief under § 2255. Owens, 483 F.3d at 57 (petitioner's allegations need not be credited where they are merely conclusory); Resto-Diaz v. United States, 182 F. Supp. 2d 197, 210-11 (D.P.R. 2002) (same).

### E.   Evidentiary Issues

Petitioner's remaining claims are attempts to relitigate evidentiary issues determined at his trial. Petitioner alleges that the victims' identifications were improper. (Docket No. 1-2 at 12.) On direct appeal, however, the First Circuit determined that the photo line-up identifications in this case were not impermissibly suggestive. United States v. Garcia-Garcia, 354 F. App'x 434, 438 (1st Cir. 2009). Petitioner cannot relitigate that decision today. See Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991) ("Issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion.").

Petitioner also claims that certain physical evidence from the crime scene was not tested and introduced at trial to prove a physical link between Petitioner and the crime. (Docket No. 1-2 at 12-13; 15-16.) Petitioner did not raise this claim on direct review, so in order for this claim to survive, he must demonstrate "cause and actual prejudice" for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Petitioner advances no cause for his default. We therefore cannot consider Petitioner's claim that the government lacked sufficient evidence linking him to the crime.

## IV.
## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 24th day of September, 2012.

                                                           s/José Antonio Fusté
                                                           JOSE ANTONIO FUSTE
                                                           Chief U.S. District Judge